IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BJB CONSTRUCTION, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0157 |
| | § | |
| ATLANTIC CASUALTY INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant and | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TEXAS MUTUAL INSURANCE COMPANY, | § | |
| | § | |
| Third-Party Defendant. | § | |

### MEMORANDUM OPINION

Pending before the court[1] are Third-Party Plaintiff Atlantic Casualty Insurance Company's ("Atlantic") Motion for Partial Summary Judgment (Docket Entry No. 69), Atlantic's Second Motion for Summary Judgment Regarding Third-Party Defendant Texas Mutual Insurance Company ("Texas Mutual") (Docket Entry No. 71), and Texas Mutual's Motion for Summary Judgment (Docket Entry No. 72). The court has considered the motions, all relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS IN PART AND DENIES IN PART** Atlantic's Motion for Partial Summary

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Docket Entry Nos. 18, 20, 65.

Judgment, **DENIES** its Second Motion for Summary Judgment, and **GRANTS**
Texas Mutual's Motion for Summary Judgment.


## I.  Case Background

This insurance case centers on coverage obligations allegedly
owed by Texas Mutual to E. Garza & Associates, Inc., ("E. Garza")
for damages suffered by Antonio Ruiz ("Ruiz") while he was working
at a construction site.

## A.  <u>The Insurance Policies</u>

Both of the remaining parties to this lawsuit, Atlantic and
Texas Mutual, issued insurance policies to E. Garza.  Atlantic's
commercial general liability ("CGL") policy was in effect from
December 19, 2003, to December 19, 2004.[2]  BJB Construction, LLC,
("BJB") was an additional insured on Atlantic's policy.[3]  Texas
Mutual also issued a policy to E. Garza, which was in effect from
December 12, 2003 to December 12, 2004.[4]  Its policy provided two
types of coverage:  workers' compensation and employer's
liability.[5]

---

[2]    <u>See</u> Atlantic's Motion for Partial Summary Judgment, Docket Entry No.
69, Ex. A, CGL Policy No.L076001115, Common Policy Declarations.

[3]    <u>See</u> <u>id.</u> at additional insured endorsement.

[4]    <u>See</u> <u>id.</u> at Ex. C, Workers' Compensation and Employer's Liability
Insurance Policy No. TSF-0001111473 20031212, Information Page.

[5]    <u>See</u> <u>id.</u>

Part one of Texas Mutual's policy covered workers' compensation and provided coverage as follows:

**A.   How This Insurance Applies**

This workers['] compensation insurance applies to bodily injury by accident or bodily injury by disease. . . .

1.   Bodily injury by accident must occur during the policy period.

. . . .

**B.   We Will Pay**

We will pay promptly when due the benefits required of you by the workers['] compensation law.

**C.   We Will Defend**

We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance.  We have the right to investigate and settle these claims, proceedings or suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.[6]

The policy designated Texas workers' compensation law as the standard by which to determine whether benefits were due under this portion.[7]

The second section provided employer's liability coverage for bodily injury by accident or disease as follows:

**A.   How This Insurance Applies**

---

[6]   Id. at Part One – Workers' Compensation Insurance

[7]   See id. at Information Page; General Section.

This employers['] liability insurance applies to bodily injury by accident or bodily injury by disease.  Bodily injury includes resulting death.

1.  The bodily injury must arise out of and in the course of the injured employee's employment by you.

2.  The employment must be necessary or incidental to your work in [Texas].

3.  Bodily injury by accident must occur during the policy period.

. . . .

**D.  We Will Defend**

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance.  We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.[8]

**B.  The Underlying Litigation (the "Ruiz Lawsuit")**

Texas Mutual's insured, E. Garza, was a subcontractor on a construction project during the period covered by the insurance policies.  On April 4, 2004, Ruiz, the plaintiff in the Ruiz Lawsuit, "was severely and permanently injured when scaffolding collapsed on a job site."[9]  Ruiz sued BJB and E. Garza for negligence and gross negligence.[10]

---

[8]     _Id._ at Part Two – Employer's Liability Insurance; Texas Amendatory Endorsement.

[9]     Atlantic's Motion for Partial Summary Judgment, Docket Entry No. 69, Ex. B, Plaintiff's Third Amended Original Petition, p. 2.

[10]    _See id._ at p. 1.

4

With regard to both defendants, Ruiz alleged:

1.    Failure to maintain and/or provide proper equipment
      to workers and/or subcontractors and independent
      contractors;

2.    Failure to provide adequate safety policies and
      practices;

3.    Failure to provide adequate safety equipment;

4.    Failure to provide proper assistance;

5.    Failure to provide properly trained supervisors
      and/or directors;

6.    Requiring [Ruiz] to perform tasks under conditions
      stated above; and

7.    Negligence in general.[11]

Atlantic defended E. Garza and BJB under a reservation of rights.[12]  Upon E. Garza's tender of defense to Texas Mutual in December 2006, Texas Mutual denied coverage by letter on January 5, 2007.[13]  Late in 2007, the Ruiz Lawsuit ended in a settlement in the amount of $275,000 and outstanding defense costs, which Atlantic paid on behalf of E. Garza.[14]

## C.  **The History of this Lawsuit**

---

[11]    Id. at pp. 2-3.

[12]    Atlantic's Third-Party Complaint Against Texas Mutual, Docket Entry No. 54, ¶ 8; see also Atlantic's Response to Texas Mutual's Motion for Summary Judgment, Docket Entry No. 81, Ex. E, letter from Camille Johnson to Jacob DeLeon dated Dec. 27, 2006.

[13]    Atlantic's Motion for Partial Summary Judgment, Docket Entry No. 69, Ex. D, letter from Jean Kelly to Tim Garza dated Jan. 5, 2007; Texas Mutual's Motion for Summary Judgment, Docket Entry No. 72, Ex. E, Affidavit of Jean Kelly, p. 2 (unnumbered).

[14]    Atlantic's Response to Texas Mutual's Motion for Summary Judgment, Docket Entry No. 81, Ex. G, Declaration of Gary N. Schumann, p. 2.

In December 2006, BJB brought suit against Atlantic in state court for declaratory judgment in favor of defense and indemnity coverage, breach of contract, and insurance code violations.[15] Atlantic timely removed the action to this court, after which it answered and filed a counterclaim against BJB.[16]  In May 2007, Atlantic filed a separate federal lawsuit against E. Garza and, in the removed action, filed a third-party complaint against BJB's CGL insurance carrier, Admiral Insurance Company.[17]  Both parties against whom Atlantic brought actions answered and filed counterclaims against Atlantic in their respective lawsuits.[18]  Upon Atlantic's motion, the court consolidated the two actions.[19]

Atlantic and E. Garza settled their claims in August 2007.[20] A couple of weeks later, Atlantic moved for leave to file a third-party complaint against Texas Mutual, and the court granted the

---

[15]    See Notice of Removal, Docket Entry No. 1, Ex. 2, Plaintiff's Original Petition.

[16]    See Notice of Removal, Docket Entry No. 1, pp. 1, 2; Atlantic's Original Answer and Counterclaim, Docket Entry No. 3.

[17]    See Third-Party Complaint Against Admiral Insurance Company, Docket Entry No. 23; Atlantic Casualty Insurance Company v. E. Garza & Associates, Inc., Civil Action No. 4:07-1503, filed in the Houston Division for the Southern District of Texas on May 3, 2007, Docket Entry No. 1, Complaint.

[18]    See Admiral Insurance Company's Answer to Third-Party Complaint and Counterclaim, Docket Entry No. 34; Atlantic Casualty Insurance Company v. E. Garza & Associates, Inc., Civil Action No. 4:07-1503, filed in the Houston Division for the Southern District of Texas on May 3, 2007, Docket Entry No. 5, Answer and Counterclaim.

[19]    See Motion to Consolidate, Docket Entry No. 25; Order to Consolidate Cases, Docket Entry No. 27.

[20]    See Notice of Settlement, Docket Entry No. 38.

motion.[21]   Therein, Atlantic alleged breach of contract pursuant to
equitable and contractual subrogation to E. Garza's rights and
sought reimbursement "for all defense and settlement costs paid on
behalf of E. Garza."[22]   Atlantic requested the following
declarations from the court:

> a.   A declaration that Texas Mutual Insurance Company
>      owed a duty to defend and indemnify Garza and
>      Associates for any bodily injury claim arising out
>      of the allegations by Antonio Ruiz;
>
> b.   A declaration that Texas Mutual has a duty to
>      reimburse Atlantic Casualty for all defense and
>      settlement costs paid by Atlantic Casualty in
>      defending E. Garza and Associates.[23]

Before Texas Mutual answered the third-party complaint, BJB,
Atlantic, and Admiral settled their claims, leaving only Atlantic's
claims against Texas Mutual.[24]   In October 2007, Texas Mutual
answered Atlantic's complaint and filed a counterclaim.[25]   Texas
Mutual sought a determination that Texas Mutual "owed no obligation
to defend or indemnify E. Garza for any claims against E. Garza in
the Underlying Lawsuit."[26]   In connection with that request, Texas

---

[21]   See Motion for Leave to File Third-Party Complaint, Docket Entry No.
48; Order dated September 5, 2007, Docket Entry No. 53.

[22]   See Atlantic's Third-Party Complaint Against Texas Mutual, Docket
Entry No. 54, ¶¶ 10, 11.

[23]   Id. at ¶ 12.

[24]   See letter from Gary N. Schumann to the court dated Oct. 12, 2007,
Docket Entry No. 62; Conditional Order of Dismissal, Docket Entry No. 70; Order
of Dismissal, Docket Entry No. 80.

[25]   See Texas Mutual's Answer and Counterclaim, Docket Entry No. 63.

[26]   Id. at p. 9.

7

Mutual requested that the court declare that Texas Mutual has no duty to reimburse Atlantic for any fees and expenses related to the defense or settlement of claims against E. Garza in the Ruiz Lawsuit.[27]

Atlantic has two summary judgment motions pending and Texas Mutual has one.  The court now considers those motions.

## II.  Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, Tex., 337 F.3d 539, 540-41 (5th Cir. 2003).  The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992).

A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001).  To be genuine, the dispute regarding a material fact

---

[27]    See id. at p. 14.

must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party.  <u>Anderson</u>, 477 U.S. at 250; <u>TIG Ins. Co. v. Sedgwick James of Wash.</u>, 276 F.3d 754, 759 (5th Cir. 2002).

### III.  Principles of Insurance Law

As this declaratory action is in federal court under diversity jurisdiction, state law governs substantive matters.  <u>See</u> <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64, 78 (1938).  Because Texas is the forum state in this matter, the court applies Texas' choice of law rules. <u>See</u> <u>Guar. Nat'l Ins. Co. v. Azrock Indus.</u>, 211 F.3d 239, 243 (5th Cir. 2000)(citing <u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496 (1941) and stating that a federal district court sitting in diversity must apply the forum state's conflict of laws rules). Any insurance policy payable to a "citizen or inhabitant" of Texas by an insurance company doing business in Texas is held to be governed by Texas law regardless of where the contract was executed or to where the premiums are paid.  Tex. Ins. Code art. 21.42.  By relying on Texas law in their briefs, the parties have conceded that Texas law applies to the interpretation of the insurance policies.

### A.   Burden of Proof and Contract Interpretation

In general, the insured bears the initial burden of establishing that coverage is potentially provided by the applicable insurance policy, while it is the insurer's burden to

9

prove the applicability of an exclusion permitting it to deny coverage. <u>Lincoln Gen. Ins. Co. v. Reyna</u>, 401 F.3d 347, 350 (5th Cir. 2005)(applying Texas law); <u>see also</u> Tex. Ins. Code Ann. § 554.002. If the insurer is successful, the burden shifts back to the insured to prove that an exception to the exclusion applies. <u>Guar. Nat'l Ins. Co. v. Vic Mfg. Co.</u>, 143 F.3d 192, 193 (5th Cir. 1998)(applying Texas law).

Under Texas law, insurance policies are subject to the rules of contract interpretation. <u>Azrock Indus.</u>, 211 F.3d at 243 (applying Texas law); <u>Progressive County Mut. Ins. Co. v. Sink</u>, 107 S.W.3d 547, 551 (Tex. 2003). "Terms in contracts are given their plain, ordinary, and generally accepted meaning unless the contract itself shows that particular definitions are used to replace that meaning." <u>Bituminous Cas. Corp. v. Maxey</u>, 110 S.W.3d 203, 208-09 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

**B. Duty to Defend**

In Texas, an insurer's duty to defend and its duty to indemnify are two distinct and separate duties. <u>Trinity Universal Ins. Co. v. Cowan</u>, 945 S.W.2d 819, 821-22 (Tex. 1997). Under the "eight-corners" rule, an insurer's duty to defend its insured arises if the complaint in the suit against the insured alleges facts that potentially support claims for which there is coverage. <u>Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchs. Fast Motor Lines, Inc.</u>, 939 S.W.2d 139, 141 (Tex. 1997). In determining

whether this duty exists, the court's only job is to compare the four corners of the pleading with the four corners of the insurance policy. <u>Reyna</u>, 401 F.3d at 350; <u>see also</u> <u>Merchs. Fast Motor Lines, Inc.</u>, 939 S.W.2d at 141.

"Facts outside the pleadings, even those easily ascertained, are ordinarily not material to the determination . . . ." <u>Liberty Mut. Ins. Co. v. Graham</u>, 473 F.3d 596, 600 (5th Cir. 2006)(applying Texas law). The Texas Supreme Court, in dicta, favorably cited a Fifth Circuit Court of Appeals decision in which the federal court predicted that Texas' highest court would recognize an exception to the eight-corners rule only "when it is initially impossible to discern whether coverage is potentially implicated *and* when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." <u>GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church</u>, 197 S.W.3d 305, 308-09 (Tex. 2006)(quoting <u>Northfield Ins. Co. v. Loving Home Care, Inc.</u>, 363 F.3d 523, 531 (5th Cir. 2004)).

When applying the eight-corners rule, the court considers the factual allegations without regard to their truth or falsity. <u>See Fielder Rd. Baptist Church</u>, 197 S.W.3d at 310. The court interprets the allegations liberally and resolves all doubts regarding the duty to defend in favor of the insured. <u>Merchs. Fast Motor Lines, Inc.</u>, 939 S.W.2d at 141. However, the court may not

read facts into the pleadings, look outside the pleadings, or imagine factual scenarios that might trigger coverage.  Id. at 142.

## C.   Duty to Indemnify

The duty to indemnify arises only if the duty to defend first exists.  W. Heritage Ins. Co. v. River Entm't, 998 F.2d 311, 315 (5th Cir. 1993) (applying Texas law).  Under Texas law, an insurer's duty to indemnify is narrower than its duty to defend.  St. Paul Ins. Co. v. Tex. Dep't of Transp., 999 S.W.2d 881, 884 (Tex. App.—Austin 1999, pet. denied).  The duty to indemnify is triggered only by the actual facts establishing the insured's liability in the underlying litigation.  Cowan, 945 S.W.2d at 821.

## IV.   Analysis

Atlantic filed a motion for partial summary judgment in November 2007.  By that motion, Atlantic seeks a judgment in its favor on the reciprocal claims by Atlantic and Texas Mutual regarding Texas Mutual's duty to defend E. Garza in the Ruiz Lawsuit, on the liability portion of Atlantic's breach of contract claim, and on the claim for attorney's fees asserted by Texas Mutual.[28]  In December 2007, Atlantic filed its second motion, seeking summary judgment that Atlantic owed no duty to defend or to indemnify E. Garza in the Ruiz Lawsuit and that Texas Mutual owed

---

[28]   See Atlantic's Motion for Partial Summary Judgment, Docket Entry No. 69, p. 4.

E. Garza a duty to indemnify.[29]  Additionally, Atlantic argues it
is entitled to judgment on Texas Mutual's affirmative defenses.[30]

Texas Mutual filed its pending motion for summary judgment in
December 2007.  It seeks summary judgment on Atlantic's claims for
reimbursement or contribution against Texas Mutual and a
declaration that it owed no duty to defend or indemnify E. Garza in
the Ruiz Lawsuit.[31]  Texas Mutual also challenges Atlantic's
entitlement to contribution or reimbursement and its rights by way
of subrogation.[32]

As suggested by the above summary of the parties' arguments,
the parties engage in a great deal of debate on a variety of
issues.  Nevertheless, the essential question is whether the live
pleading in the Ruiz Lawsuit potentially stated a claim covered by
Texas Mutual's policy.[33]  Ignoring all other issues to address that

---

[29]   See Atlantic's Second Motion for Summary Judgment Regarding Texas
Mutual, Docket Entry No. 71, p. 4.

[30]   See id.

[31]   See Texas Mutual's Motion for Summary Judgment, Docket Entry No. 72,
pp. 2-3.

[32]   See id. at pp. 16-17.

[33]   Although Atlantic also requests that the court declare that it owed
no duty to defend or to indemnify E. Garza in the Ruiz Lawsuit, such a claim
does not belong in a lawsuit against Texas Mutual.  Atlantic has no direct
contractual relationship with Texas Mutual upon which to base the claim.  More
importantly, Atlantic could not acquire that contract right by way of subrogation
to the rights of E. Garza because E. Garza was, in fact, Atlantic's adversary on
the issue of what coverage was due under its contract.  Texas Mutual cannot be
made to defend a claim of that nature, and Atlantic has settled its claims with
E. Garza.  To the extent that the interpretation of Atlantic's policy would
affect damages, as suggested by Atlantic, that issue is moot in light of the
court's decision in favor of Texas Mutual on liability.

question first, the court finds that the pleading does not implicate coverage under Texas Mutual's workers' compensation and employer's liability insurance policy.  This finding alone makes all other issues, except Texas Mutual's claim for attorney's fees, moot.

### A.   Policy Coverage

The best way for the court to address the pertinent duty-to-defend issues is to compare the language of the policy with the live pleading in the Ruiz Lawsuit, as required under the eight-corners rule.  The Texas Mutual policy is not ambiguous[34] and can be assigned meaning as a matter of law.  See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., 907 S.W.2d 517, 520 (Tex. 1995).

The first part of the Texas Mutual policy covered benefits E. Garza was required to pay under Texas workers' compensation laws. The Texas Workers' Compensation Act ("TWCA") requires "compensation for an employee's injury without regard to fault or negligence" as long as the employee is covered by the TWCA and suffers an injury that "arises out of and in the course and scope of employment." Tex. Labor Code § 406.031.  An employee under the TWCA is a person who is "in the service of another under a contract of hire, whether

---

[34]       In its response to Atlantic's Motion for Partial Summary Judgment, Texas Mutual objected to Atlantic's use of a statement from its policy handbook concerning coverage provided by employer's liability insurance.  See Texas Mutual's Response to Atlantic's Motion for Partial Summary Judgment, Docket Entry No. 73, p. 2.  As Texas Mutual offers no legal reason to exclude that statement, its objection is **OVERRULED**.

express or implied, or oral or written." Tex. Labor Code. § 401.012. Similarly, the second part of the Texas Mutual policy covered bodily injury "aris[ing] out of and in the course of the injured employee's employment by [E. Garza]."[35]

Because both types of coverage require that the injured party be employed by E. Garza in order for Texas Mutual to have a duty to defend, the court must determine whether the petition in the Ruiz Lawsuit alleges, at the very least, facts that potentially support the finding of an employment relationship between Ruiz and E. Garza. The petition does not state by whom Ruiz is employed. Rather, it contains allegations that E. Garza (and BJB) failed to provide proper equipment, adequate safety policies and practices, adequate safety equipment, proper assistance, properly trained supervisors.[36] Atlantic argues that those statements, coupled with the allegation that E. Garza *required* Ruiz to work under those conditions[37] sufficiently pleads an employment relationship between Ruiz and E. Garza. The court disagrees.

The duplicity of the allegations against both E. Garza and BJB undermines the plausibility of an inference that they describe

---

[35] Atlantic's Motion for Partial Summary Judgment, Docket Entry No. 69, Ex. C, Workers' Compensation and Employer's Liability Insurance Policy No. TSF-0001111473 20031212, Part Two – Employer's Liability Insurance.

[36] Atlantic's Motion for Partial Summary Judgment, Docket Entry No. 69, Ex. B, Plaintiff's Third Amended Original Petition, pp. 2-3.

[37] Ruiz also pled that BJB "requir[ed]" him to work under those conditions.

Ruiz's employment situation.   More than that, though, the allegations are focused on control of the workplace environment, not Ruiz's employment.   The court is not allowed to read anything into the underlying pleading or imagine factual scenarios, even in its search for potential coverage.   Although those conditions may be considered related to employment in some situations, they also could be relevant to liability based on the condition of the work premises.   The former is simply too big of a leap in a vacuum of employment language, especially when the latter is just as likely.[38] On that basis, the court finds that Texas Mutual's policy coverage was not implicated and that Texas Mutual had no duty to defend E. Garza in the Ruiz Lawsuit.

Although no further analysis is needed at this point, the court notes additional support for its ruling:   According to the evidence developed in the Ruiz Lawsuit, Ruiz was not employed by E. Garza.[39]   Ordinarily, the court would not consider facts outside the pleadings.   See Graham, 473 F.3d at 600.   However, in cases such as

---

[38]   The court recognizes the possibility that Ruiz may have chosen carefully the defendants and the pleading language in order to avoid workers' compensation laws.

[39]   See Texas Mutual's Reply, Docket Entry No. 87, Ex. A, Armando Estrada's ("Estrada") deposition, p. 21; Ex. B, Francisco Garcia's ("Garcia") deposition, p. 12.   In response to Texas Mutual's Reply to Atlantic's Response to Its Motion for Summary Judgment, Atlantic objected to the consideration of the depositions of Estrada and Garcia in deciding the indemnity issue.   Atlantic's Response and Objection to Texas Mutual's Motion to Supplement Summary Judgment Evidence, Docket Entry No. 89.   The court does not reach indemnity in this case, but finds that the depositions are admissible extrinsic evidence relevant to the duty to defend as explained in this section.   Therefore, Atlantic's objection is **OVERRULED.**

16

this, where it is impossible to discern whether coverage is potentially implicated and evidence is available that goes solely to the issue of coverage without contradicting any fact alleged in the underlying pleading, the Texas Supreme Court has implicitly acknowledged, if not officially recognized, a narrow exception to the eight-corners rule.  See Fielder Rd. Baptist Church, 197 S.W.3d at 308-09.

The court cannot discern, from the face of the petition in the Ruiz Lawsuit, whether Ruiz was employed by E. Garza.  Although a very significant issue for this case, Ruiz's employment is not relevant to the merits of Ruiz's negligence claims.[40]  Because the underlying petition is silent as to Ruiz's employment status, facts indicating that he was not employed by E. Garza do not contradict the pleading.

The deposition testimony submitted by Texas Mutual clearly establishes that Ruiz worked for Francisco Garcia ("Garcia"), not E. Garza.  Garcia testified that he was hired by Armando Estrada ("Estrada") to do cornice and siding on the construction project on which Ruiz was injured.[41]  Garcia affirmed that he employed Ruiz.[42]

---

[40]    Workers' compensation laws may have provided E. Garza with a defense to Ruiz's negligence claims if, in fact, E. Garza did employ Ruiz.  Instead of speculating about such matters, the court engages in a straightforward reading of the petition in which Ruiz alleges negligence based on the absence of effective safety precautions and adequate oversight.  Ruiz's employment situation has no bearing on his ability to prove the elements of his negligence claims.

[41]    See Texas Mutual's Reply, Docket Entry No. 87, Ex. B, Garcia's deposition, p. 12.

[42]    See id.

17

Estrada agreed that Ruiz was Garcia's employee.[43]  In light of this testimony, no possibility remains that E. Garza employed Ruiz, and, thus, no potential for coverage under the Texas Mutual policy exists.

Having successfully demonstrated that it had no duty to defend, Texas Mutual also escapes the duty to indemnify E. Garza. See River Entm't, 998 F.2d at 315.

## B.  Attorney's Fees

Atlantic challenges Texas Mutual's request for attorney's fees.  In its response, Texas Mutual wholly ignores Atlantic's challenge to the award of attorney's fees.

The federal Declaratory Judgment Act allows for "necessary or proper relief" to be granted to the prevailing party.  28 U.S.C. § 2202.  Even so, the Act does not provide the requisite statutory authority to award attorney's fees that would not otherwise be available under state law in a diversity case.  See Mercantile Nat'l Bank at Dallas v. Bradford Trust Co., 850 F.2d 215, 218 (5th Cir. 1988).

As the basis for its request, Texas Mutual references a provision of the Texas Declaratory Judgment Act ("TDJA"),[44] which does allow the award of attorney's fees in TDJA actions.[45]  Because

---

[43]      See id. at Ex. A, Estrada's deposition, p. 21

[44]      Tex. Civ. Prac. & Rem. Code § 37.009.

[45]      See Texas Mutual's Answer to Atlantic's Third-Party Complaint, Docket Entry No. 63, p. 14.

18

the TDJA is procedural, not substantive, however, it cannot authorize the award of fees in a federal declaratory action. Camacho v. Tex. Workforce Comm'n, 445 F.3d 407, 413 (5th Cir.), cert. denied, ___ U.S. ___, 127 S. Ct. 349 (2006); Travelers Indem. Co. v. Citgo Petroleum Corp., 166 F.3d 761, 772 (5th Cir. 1999). Therefore, absent specific reference by Texas Mutual to any state substantive law that justifies such an award (or an allegation under federal procedural law that Atlantic acted in bad faith in bringing this action), the court refuses to make an exception to the American Rule, which requires litigants to bear their own attorney's fees.  See Camacho, 445 F.3d at 412, 413; Mercantile Nat'l Bank at Dallas, 850 F.2d at 218.

## IV.  Conclusion

Based on the foregoing, the court **GRANTS IN PART AND DENIES IN PART** Atlantic's Motion for Partial Summary Judgment, **DENIES** its Second Motion for Summary Judgment, and **GRANTS** Texas Mutual's Motion for Summary Judgment.  Texas Mutual is entitled to a declaration that it owed E. Garza no duty to defend or to indemnify in the Ruiz Lawsuit, but is not entitled to attorney's fees.

**SIGNED** in Houston, Texas, this 23rd day of April, 2008.

Nancy K. Johnson
United States Magistrate Judge

19