```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

BJB CONSTRUCTION, LLC,          §
                                §
       Plaintiff,               §
                                §
v.                              §    CIVIL ACTION NO. H-07-0157
                                §
ATLANTIC CASUALTY INSURANCE     §
COMPANY,                        §
                                §
       Defendant and            §
       Third-Party Plaintiff,   §
                                §
v.                              §
                                §
TEXAS MUTUAL INSURANCE COMPANY, §
                                §
       Third-Party Defendant.   §
```

**<u>ORDER</u>**

Pending before the court[1] is Third-Party Plaintiff Atlantic Casualty Insurance Company's ("Atlantic") Motion to Alter Judgment (Docket Entry No. 92).[2] The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the court **DENIES** Atlantic's motion.

### I.  Case Background

This insurance case centers on coverage obligations allegedly owed by Texas Mutual to E. Garza & Associates, Inc., ("E. Garza")

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Docket Entry Nos. 18, 20, 65.

[2] Also listed as pending is Third-Party Defendant Texas Mutual Insurance Company's response to Atlantic's motion (Docket Entry No. 93), mislabeled on the docket sheet as "Opposed Motion for Reconsideration of Motion to Alter Judgment."

for damages suffered by Antonio Ruiz ("Ruiz") while he was working at a construction site.

On April 23, 2008, this court entered a Memorandum Opinion granting Third-Party Defendant Texas Mutual Insurance Company's ("Texas Mutual") motion for summary judgment.[3] The court found that Texas Mutual did not have a duty to defend E. Garza in a lawsuit filed in state court by Ruiz. As explained in the Memorandum Opinion, the insurance policy issued by Texas Mutual required that the injured party be employed by E. Garza in order to trigger coverage. The petition in the underlying lawsuit failed to allege facts that potentially supported a finding that Ruiz was employed by E. Garza.

The court contemporaneously entered a final judgment.[4] Atlantic filed this Rule 59(e) motion within ten days of the entry of judgment.

## II.  Legal Standard

Federal Rule of Civil Procedure ("Rule") 59(e) provides an avenue for altering or amending a judgment upon motion filed within ten days of the judgment. A motion under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." Rosenzweig v. Azurix Corp., 332 F.3d 854, 863 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d

---

[3]    See Docket Entry No. 90.

[4]    See Docket Entry No. 91.

1154, 1159 (5th Cir. 1990)); see also Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). It is not a way by which a party may rehash old arguments or may raise arguments that could have been made prior to judgment. See Templet, 367 F.3d at 478-79; Rosenzweig, 332 F.3d at 863. The Fifth Circuit has cautioned courts to use this "extraordinary remedy" sparingly. See Templet, 367 F.3d at 479.

### III. Analysis

Atlantic requests that the court reconsider its decision on summary judgment because, according to Atlantic, the court "applied the wrong analysis"[5] and improperly considered extrinsic evidence. Texas Mutual contends that the court's analysis was correct in finding that the plaintiff in the underlying lawsuit did not allege facts that potentially stated an employment relationship and, consequently, did not trigger Texas Mutual's duty to defend. Additionally, Texas Mutual classifies the court's discussion on extrinsic evidence as gratis dictum that had no effect on the court's decision regarding the duty to defend.

Atlantic misconstrues the court's opinion as concluding that the third-party plaintiff in the state action alleged facts that:

> cannot be read as alleging that Ruiz was an employee of E. Garza because Ruiz makes the same allegations against both E. Garza and BJB Construction and because those allegations just as likely can be read to allege control

---

[5] Atlantic's Motion to Alter Judgment, Docket Entry No. 92, p. 2.

>over the workplace as control over Ruiz and therefore employment status [sic].[6]

Atlantic accuses the court of "requiring all possibilities other than employment status to be excluded in order for coverage to be implicated."[7]

The court's opinion actually found that the plaintiff's allegations "that E. Garza (and BJB) failed to provide proper equipment, adequate safety policies and practices, adequate safety equipment, proper assistance, [and] properly trained supervisors" did not plead an employment relationship.[8] The court found that these allegations "focused on control of the workplace environment, not Ruiz's employment."[9] As an aside, the court noted that the fact of making the same allegations against E. Garza and BJB only served to support the understanding that the plaintiff was not addressing an employment relationship, but was directing his claims toward entities that controlled his work premises.[10]

This was not a situation in which the allegations supported two alternative conclusions, including some facts that implicated coverage. Rather, the court found it impossible to read the allegations as alleging employment without importing additional

---

[6] Id.

[7] Id.

[8] Memorandum & Opinion, Docket Entry No. 90, p. 15.

[9] Id. at p. 16.

[10] Id. at p. 15.

4

facts into the pleading or imaging an unstated factual scenario. See <u>Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchs. Fast Motor Lines, Inc.</u>, 939 S.W.2d 139, 142 (Tex. 1997)(stating that a court may not read facts into the pleadings, look outside the pleadings, or imagine factual scenarios that might trigger coverage). In other words, the court found that the allegations suggested an employment relationship with *neither* E. Garza *nor* BJB.

In disagreeing with the court's analysis on this point, Atlantic points, as it did in its original briefing, to factors used by Texas courts to differentiate between independent contractors and employees. See <u>Limestone Prods. Distribution, Inc. v. McNamara</u>, 71 S.W.3d 308, 312 (Tex. 2002)(listing the factors to be considered). In deciding whether an individual is an independent contractor or an employee, the Texas Supreme Court asks "whether the employer has the right to control the progress, details, and methods of operations of the work." <u>Id.</u> The factors to consider in assessing control are:

> (1) the independent nature of the worker's business; (2) the worker's obligation to furnish necessary tools, supplies, and materials to perform the job; (3) the worker's right to control the progress of the work except about final results; (4) the time for which the worker is employed; and (5) the method of payment, whether by unit of time or by the job.

<u>Id.</u> However, that test is not well suited for answering the question facing the court here. The court was not deciding whether the third-party plaintiff was an independent contractor or an

5

employee, but, instead, whether E. Garza employed the plaintiff (to be determined from the allegations).

Atlantic admits that the underlying petition is silent as to the fourth and fifth factors, but insists that it addresses the first three.  The court finds nothing in the allegations that sheds any light on how much discretion the plaintiff exercised in completing the work, whether anyone directed his work, or what hours he worked.  See id. at 312 (considering discretion, freedom, and schedule in analyzing the first factor). The court also does not find that the allegations indicate who controlled the progress of the work.

As to the second element, Atlantic argues the allegation that E. Garza failed to provide proper equipment means that the plaintiff was not independent and, therefore, E. Garza was the plaintiff's employer.  Atlantic's logic is flawed.  The test Atlantic employs is designed to choose between two options, the elimination of one leads to the conclusion that the other applies. But the court was not choosing between those two options (independent contractor versus employer).  In order for the court to infer from the allegation that E. Garza failed to supply proper equipment that E. Garza was required to do so because of an employment relationship, the court would have to read into the statement that an employment relationship existed. Of course, that is the very fact that is missing from the petition.  The court is

6

no more swayed by Atlantic's arguments on reconsideration than it was when they appeared in Atlantic's summary judgment motion. The court is not inclined to change its opinion based on Atlantic's rehashing of old arguments.

Regarding the consideration of extrinsic evidence, Atlantic argues that Ruiz's employment status was central to the merits of the negligence action. Atlantic points to a couple of statements in a summary judgment motion filed by E. Garza in the underlying action stating that the plaintiff was not an employee of E. Garza.

The court reviewed the summary judgment motion, which Atlantic attached to the motion pending here, and disagrees that whether the plaintiff was an employee of E. Garza was central. E. Garza summarized its argument on the first page of the underlying summary judgment motion:

> [E. Garza] did not owe the Plaintiff a common law duty because Plaintiff's employer, Francisco Garcia, was an independent contractor and E. Garza did not have a duty to ensure that the Plaintiff performed his work in a safe manner. Further, E. Garza did not have a duty under any negligent activity or premises defect exception to the general rule because E. Garza did not retain or exercise sufficient control over the Plaintiff and/or his employer to create a duty.[11]

Although part of the factual background, the fact that E. Garza did not employ the plaintiff was not an issue in the motion. The focus of the motion was whether E. Garza had a duty of care based on its

---

[11] Atlantic's Motion to Alter Judgment, Docket Entry No. 92, Ex. 1, E. Garza's Motion for Summary Judgment, p. 1.

status as a subcontractor and/or whether negligence standards to which general contractors are held also applied to E. Garza and imposed a duty of care.

Atlantic's arguments on this point do not merit reconsideration of the court's position.

## IV.  Conclusion

Based on the foregoing, the court **DENIES** Atlantic's motion.

**SIGNED** in Houston, Texas, this 11th day of September, 2008.

 _____
 Nancy K. Johnson
 United States Magistrate Judge